UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW GAMBERZKY and
ANNA PAULINA LUNA,

    Plaintiffs,
v.

                                                            Case No: 8:23-cv-2682-JSM-SPF

DEPARTMENT OF DEFENSE,
NATIONAL GUARD BUREAU, and
UNITED STATES AIR FORCE,

    Defendants.
_____/

**ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss (Dkt. 22), Plaintiffs' Response in Opposition (Dkt. 26), and Defendants' Reply (Dkt. 32). Upon review of these filings, and being otherwise advised in the premises, the Court grants the motion and dismisses this action because Plaintiffs' claims for injunctive relief related to the COVID-19 vaccine mandate are moot and Plaintiffs' remaining claims for damages are barred under the doctrine of sovereign immunity.

**BACKGROUND**

Plaintiffs Andrew Gamberzky and Anna Paulina Luna bring their claims under the First Amendment's Free Exercise Clause and the Religious Freedom Restoration Act ("RFRA") against Defendants the Department of Defense, the National Guard Bureau, and the United States Air Force. (Dkt. 9). Their claims arise out of the enactment of the Department of Defense's COVID-19 vaccine mandate, which required Mr. Gamberzky to receive the vaccine to continue his military service and career. According to the first amended complaint, which is the operative pleading, Mr. Gamberzky, a practicing

Christian, possesses a sincerely held religious belief that prohibits him from receiving the COVID-19 vaccine.  Similarly, Ms. Luna, Mr. Gamberzky's wife, possesses a sincerely held religious belief that her husband cannot receive the COVID-19 vaccine.  So, to avoid violating his and his wife's sincerely held religious beliefs, Mr. Gamberzky requested a religious exemption from the vaccine requirement.

The first amended complaint alleges that Mr. Gamberzky's request for a religious exemption was denied.  That denial put Mr. Gamberzky in the intolerable position of choosing to either violate his and his wife's sincerely held religious beliefs or face adverse consequences, including involuntary separation from the military, relief from leadership positions, removal from promotion lists, inability to attend mandated training and education, loss of special pay, and placement in non-deployable status.  He contends that he was forced to resign and that this "constructive discharge" resulted in damages to Mr. Gamberzky and Ms. Luna, including lost income and benefits.

Defendants move to dismiss Plaintiffs' first amended complaint in its entirety arguing, in relevant part, that the Court lacks subject matter jurisdiction because Plaintiffs' claims are moot and also barred under the doctrine of sovereign immunity. Notably, Plaintiffs' response agrees that their First Amendment claims are subject to dismissal for the reasons stated in Defendants' motion so the Court will focus on the RFRA claims.

## DISCUSSION

Defendants argue that challenges to the COVID-19 vaccine mandate are moot because it was rescinded in January 2023.  (Dkt. 22 at 9–13).  The United States Supreme Court ruled in December 2023, that injunctions related to the COVID-19 vaccine requirement are moot.  Specifically, in *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022), the

Sixth Circuit affirmed a district court decision granting a preliminary injunction in a class-action case brought by members of the Air Force challenging the COVID-19 vaccine requirement because they claimed it substantially burdened their religious exercise in violation of the First Amendment and RFRA. The United States Supreme Court vacated the Sixth Circuit judgment and remanded "with instructions to direct the District Court to vacate as moot its preliminary injunctions." *Kendall v. Doster*, 144 S. Ct. 481, 217 L.Ed.2d 248 (2023).

Plaintiffs concede this matter in their response, noting that "[t]he defendants' arguments with respect to prospective injunctive relief are well taken in light of the mandate's rescission." (Dkt. 26 at 4). So, the Court dismisses those claims as moot without further discussion.

Defendants next argue that Mr. Gamberzky's and Ms. Luna's claims for money damages (lost income, lost benefits, etc.) against Defendants from the date of Mr. Gamberzky's alleged constructive discharge are barred under the doctrine of sovereign immunity. Plaintiffs disagree so the Court will discuss this matter in more detail.

Sovereign immunity bars constitutional claims for damages against the federal government. *See Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015) ("RFRA does not therefore authorize suits for money damages against officers in their official capacities"). This is so because "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[A] waiver of the [United States'] sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, 553

U.S. 474, 491 (2008) (internal quotations omitted). Any waiver must be strictly construed in favor of the sovereign, *see United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992), and "[a]ny ambiguities in the statutory language are to be construed in favor of immunity." *FAA v. Cooper*, 566 U.S. 284, 290 (2012).

"The plaintiff bears the burden of establishing subject matter jurisdiction, and thus, must prove an explicit waiver of immunity." *Ishler v. Internal Revenue Serv.*, 237 F.App'x. 394, 398 (11th Cir. 2007) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005)). Plaintiffs have not identified any waiver of sovereign immunity for money damages against the United States for their RFRA claims. In their response, Plaintiffs solely rely on the United States Supreme Court case of *Tanzin v. Tanvir*, 592 U.S. 43, 52 (2020). But Plaintiffs neglect to acknowledge that the Supreme Court in *Tanzin* specifically held that damages are available for RFRA claims against federal officers *in their individual capacities*. The Supreme Court emphasized that the analysis was limited to "a suit against individuals, who do not enjoy sovereign immunity." *Id.* Here, there are no individual defendants in any capacity. Defendants are three agencies of the United States. Accordingly, Plaintiffs' claims for money damages are dismissed for lack of subject-matter jurisdiction based on sovereign immunity.

It is therefore **ORDERED and ADJUDGED** that:

1. Defendants' Motion to Dismiss (Dkt. 22) is granted to the extent that this action is dismissed for lack of subject matter jurisdiction based on the doctrines of mootness and sovereign immunity.

2. The Clerk of Court is directed to terminate any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this May 29, 2024.

>
> _____
> JAMES S. MOODY, JR.
> UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record